Morning, Your Honors. May it please the Court, my name is Manuel Dionis. I represent the petitioner, Sunny Viloria. I'd like to reserve three minutes for rebuttal. The first issue that I'd like to address before this Court is jurisdiction. Does the petitioner have The first thing that I would like to point to is that, specifically with 8 U.S.C. 1252-A, through C, provides specific instances where certain matters are not subject to judicial review. And this is not one of those situations. Moving on, when we look at The issue isn't whether it's subject to judicial review. The issue is whether you have to wait for a final order in order to make it subject to Correct, Your Honor. And despite the absence of a final order of deportation, in this case, if we look at 8 U.S.C. 1252-B, what this essentially directs, or what it explains, is a claim for nationality or citizenship is presented when there's been a final order of deportation. What 1252-B-5 provides is essentially instructions on how it should be treated or used in terms of reasoning are the cases, and although they are prior to the Real ID Act, 2001 case Hughes v. Ashcroft and 2005 Thijin v. Gonzalez. Can we basically overrule all those cases in Abduzalian where we said that only when we have a final order of review does our court have jurisdiction to review it? Yes, you have, Your Honor. But what I'm saying is that... That was on Bonk. How could our panel do something different? Well, in those prior cases, and if I'm not mistaken, Your Honor, so for example, all the cases that the respondent cites to, such as Yasu v. Smith and Galindo Romero, in all these cases, these are cases that have progressed through immigration court, the BIA, there was a final order. However, there were merits, and some of these cases where nationality was never addressed. But in this instance, has there been an order of removal at all yet? No, no, Your Honor. So can I ask you another question, though? I think it's correct that these kinds of nationality determinations need to be decided by the district court. What prevents your client from initiating an action in the district court for declaratory relief? Well, actually, nothing, Your Honor. Well, why don't you try that? Because if you got the declaration that he's a citizen, then the DHS would not be able to remove him. From my understanding is that when there are no genuine issues of material fact, then the question of law is addressed by this court. I mean, it's a very peculiar system, it's true, because when there is a final order of removal, if it comes to this court and there is a factual issue, we then send it back to the district court. I've just had a case like that. But that still doesn't answer the question of whether you can ever get to this court without a final order of removal, as opposed to somewhere else. And I guess that is a conundrum that this petitioner is in. It's a limbo situation that he's in. Is there any case law in this from anywhere? Excuse me? Is there any clear case law in this from any place? And there isn't, and I was hoping to cite two, and I know that it's been overruled. Well, if it's been overruled, we don't need it. So how about something that hasn't been overruled? No, no, it's not. I mean, what I'm trying to impart is that it seems inherently wrong that he's continued to be placed in removal proceedings when there's an issue. He's claiming that he's a U.S. citizen. He's not an alien. And what this U.S.C. 1252 refers to are aliens. It might be a sensible system, given the fact that if there is a factual issue, we wouldn't be doing anything different than we would be doing on a final order of removal. But the question is whether we have any authority to do anything on a petition for review without a final order of removal. I believe this court does. Where? Where do you get that from? Going back to 8 U.S.C. 1252, there's nowhere in here, so for example, with regards to exhaustion of administrative remedies, for example. I believe this court, and I know it overruled it, but I believe it was a correct reasoning, was that there was jurisdiction because the claim that the petitioner was making was that he's a U.S. citizen. He's not an alien. This specific exhaustion of administrative remedies don't apply to him. And I'm asking that the reasoning... There is a case saying that. I understand that. Yes. But that still doesn't tell us whether we have jurisdiction over something where there's been no order of removal. Ordinarily, you don't bring cases directly in the Court of Appeals. No, you don't. But this case has actually gone through the process of the immigration judge terminating it, the BIA overruling the immigration judge, so it's... It's a legal question, and we don't really have a precedential decision from the BIA. If you were to initiate an action for declaratory relief in the district court, what would happen? From my understanding is the... Since there are no issues with regards to the facts of this case, it's just a question of law. It's a legal question of the interpretation of those two statutory provisions. So would the district court decide, and I think that's what we've said, is that Article III courts decide questions of nationality. Or would it go from the district court to us? Well, and I don't want to make any misstatements. I would not know for what we'll do with regards to that. I'm just exploring what other options, because you're right. It does seem inherently unfair when he's got a legitimate claim for citizenship, which at least one immigration judge has agreed with, that... I mean, a non-frivolous claim for citizenship. We don't know yet whether it's... It's not even been fully litigated. But it does seem somewhat... It seems unfair for him to be going through this process with this claim not being finally adjudicated. I understand. And it is our position that at some point, if the immigration judge and administrative appeal office has made a decision, and all that's left is the question of law, and this is the normal avenue that we would normally go to, but for the absence of the removal order, why wouldn't this court be able to address it? Because Congress hasn't given us the authority to do that. And I guess my position is... And I say that the system you suggest makes perfect sense, because it's what we would do if there were a final order of removal. But it doesn't seem to be here. That's the problem. So the BIA remanded to the IJ, and all the IJ has to do is issue a final order of removal, and then you can petition for review of that? Yes, but I mean the whole... We didn't even get to those, and I was the trial attorney for that case, and we didn't get to the merits or the meats of anything else, because it was just... But what would be... I mean, what's the major downside for your client of just doing that, just going back, getting the removal order, and coming here on your nationality claim? There's a possibility that... He detained? No. No, he's not detained, I understand, but there is that possibility that because the BIA has a rule, that what they will do is detain him, because now it's an aggravated felony what they're initially charging him, or with a drug offense, which is an immediate non-bondable... I see, so your concern is that he now could be detained. Yes, that is one of my concerns, and I see that I do have like a minute left. Okay, why don't you sit down? We'll hear from the government. Good morning, Your Honors. May it please the Court, Yanal Yusuf for the Attorney General. This case is a straight... Any question? Do you agree that he could go to district court now on a habeas, or a declaratory judgment action, and get his citizenship decision made? I believe the process would be that he would file a certificate of citizenship with USCIS, and upon that denial, and the denial by the court... But he already did that. I'm not sure. It is unclear to me whether that's been adjudicated, that the N-600 was actually adjudicated by USCIS. If so, then he may pursue to the district court in order to seek a 15038 declaratory judgment. So there is an avenue available to him. What about his current concern about the BIA decision stance, and meanwhile he could be detained as an aggravated felon? I'm not sure in terms of the potential custody scenario for the petitioner if the BIA decision would be overturned. Sorry, if it was sent back. If he were detained, could he then bring a habeas on the grounds that he's really a citizen? I'm not sure about that. But he could file a motion for stay of removal, and pending the circumstances of... File a motion for stay of removal with whom? With the board. And it's unclear whether or not he would be taken into custody if he's already been released from custody. I'm not sure. That's because he had a pending citizenship claim which has now been resolved, presumably, by the board, although not by us. Could you just walk me through the statutes and show me where is the limitation that says that unless there is... In this context, which is odd, because there is an independent role for the Court of Appeals with regard to nationality claims, where is the limitation to a final order of removal? Specifically, the language is... Within the statutory language for... It's placed with 1252b-5 for the nationality claims. It's within the context of final order of removal. Any such challenge to a nationality claim that arises... What it says is, notwithstanding any other provision, a petition for review filed with the appropriate Court of Appeals shall be the sole and exclusive means for judicial review of an order of removal. There is no order of removal, not final or otherwise, right, in this case? Yes. So we know that if there were an order of removal, we'd have to come here, but where does it say that you can't come here anyway? The section 1252b-5 is not independent of 1252a. 1252a doesn't really say when you can come here. It says that this is the only way to review an order of removal. We don't have an order of removal, so then what? Where is the provision that says when we have jurisdiction over anything here? I'm sorry, can you repeat the question? In other words, what you're saying, 1252b... The beginning of b-5 says it doesn't exactly say. Well, just in terms of the statutory reading, the provision under b-5 is specific... It says you can't go anywhere else to review an order of removal, but the question is where does it say that we only have jurisdiction over a final order of removal? A specific... Your Honor, your Court has held previously that that specific matter is... For example, in EOSU v. Smith... Excuse me if I can find that language. That section 1252b... You have held that section 1252b-5 applies to nationality claims made on direct review of final orders of deportation. Or another case, Flores v. Casey, recently we interpreted these provisions in 1252b-5 as requiring... But what if you have a final order of deportation and you have to come here? Yes. But what if you don't have a final order of deportation? Then you would have to proceed... Then the petitioner would have to first conclude his removal proceedings. As the Court has recently, in Abdus Salaam, has held, there is no finality, there is no order upon the board's remand to the immigration judge. Once the petitioner would conclude with those proceedings and either a finding of removability were to occur, then he may return back to this Court and address that nationality claim. The B-5's nationality claim is not independent of a final order of removal. Upon the issuance of a final order, then the petitioner is appropriately in this Court to adjudicate that nationality claim. Is there any case exactly holding that? Here or anywhere else? Specifically holding that a nationality claim without a final order of removal is not properly before this Court? Yes. I don't believe so. But I think the general, the specific language of the statute, what governs this Court's...  Specific language of the statute. The language of the statute doesn't say it either, although there might be an implication. It doesn't say that. It does not specifically say that. However, the judicial review of this Court is governed by cases involving final orders of removal. And under subsection 1252 B-5, it's within that statutory language that a judicial review... It all seems fairly odd. I mean, we have held that you don't have to exhaust it, right? Because isn't there an opinion in this Court saying that you don't actually have to exhaust a nationality claim because he's not actually an alien? Am I right about that? I believe that it's not subject to administrative exhaustion, that he would be able to bring it if in a circumstance that he was before the Court and never raised it during the removal proceedings. Yes, in that context. But I don't think that would be applicable here. Because I think it just comes back to the straightforward issue of there is no final order. There's no order of removal, let alone a final one. The petitioner's removability was not adjudicated by the immigration judge, and specifically the term order of deportation is defined as the immigration judge concluding that the alien is deportable or ordering deportation. Neither one of those two instances occurred here. And based on that, the Court just does not have jurisdiction to review this petition. The government is not saying the petitioner does not have the opportunity to address his nationality claim. He absolutely does. However, at this time, it's premature before this Court. So if he wishes to proceed with his nationality claim, he may return back to the immigration judge after the Board remanded and then proceed in having those proceedings conclude, and then he may petition if he so wishes to then raise this nationality claim. But also in the meanwhile, even though he has a pending removal, go to district court if he does the administrative process first. Is that what you're saying? That's unclear to me. You said it at the beginning. I asked you that. Oh, I believe. I'm sorry. I believe. It just came to mind that I believe that is the case. The fact that this nationality claim arose out of removal proceedings. Well, it didn't arise out of removal proceedings. That's what became an issue in the removal proceedings. But because they said he wasn't a citizen, he thought he was, but it didn't arise out of it. Under 1503A, specifically any nationality claim arising out of removal proceedings must be concluded through this process of going through the court of appeals. What statute is that now? AUSC 1503A. 1503A. So you're now retracting what you said before. I guess I'm just clarifying that in certain instances where, for example, the Seventh Circuit has held that once a nationality claim arises in a removal proceeding, it must continue all the way through the court of appeals upon if the court of appeals decides to. You are retracting what you told us originally. You told us originally that he could right now go to district court, but now you're saying no, he can't. It's unclear to me how this court would interpret it. I'm just informing you that that's what the Seventh Circuit has held in the past. So it's unclear to me what this court would decide to do if that would be a limitation on him. But, again, I would say that the government's position is not that he doesn't have the opportunity to pursue his citizenship claim. It's simply the matter of the fact that he is premature in pursuing it before this court at this time. Okay, but you also can't give us an assurance that he's not going to end up in detention in the meanwhile. That is not an assurance I can provide. That is up to the Department of Homeland Security and, I guess, the petitioner to pursue any form of relief with the agency. It's not a relief from the I.J. It's not a silly argument. Excuse me? The merits argument is not a silly argument. It may be right or wrong, but it's not silly. Oh, I do not address the merits of his case. I don't believe them to be frivolous. I'm just simply stating I cannot speak for the Department of Homeland Security and their position on whether or not detention would be appropriate here. And there's no precedential decision on this question, the question of the statutory interpretation. In regards to, Your Honor? Well, the I.J. and the BIA disagreed. Yes. And there's no precedential decision. So, how is this going to be resolved other than ultimately being in front of us? Exactly. It is kind of an uncommon kind of procedural posture where the petitioner does need to end up back here if his desire is to pursue this nationality claim. However, it cannot be decided at this time based on the lack of a final order of removal. So, he would have to go through the process of completed removal proceedings and then come back to this court. I love the way the DHS does things. Let's just put it by more procedural hoops before getting to the real question. Any further questions, Your Honor? My time is almost up. Yeah. Thank you very much for your time. Thank you. Just briefly, Your Honors. I realize I didn't have time to address the issue about the citizenship issue. I just rely on my brief argument with regards to the issue about what happens when it goes to district court. And from my understanding is with the REAL-ID Act, one is petitions for habeas are no longer available to him. That's not true. They're sometimes available. For example, if he were taken into custody as an aggravated felon, I would think he could bring a habeas. Understood. And you are correct that there are, and that was what I was trying to impart, that there are no limitations specifically with regards to 8 U.S.C. 1252. With regards to specifically saying that it is someone making a claim for citizenship who has no final order of deportation is specifically barred from... Ordinarily, nobody can come here without a final order of removal. Correct. And that's, and I rest on the rest of my arguments in my brief. All right. Thank you, Counsel. Valeria v. Lynch will be submitted.
judges: Wardlaw, Berzon, Owens